### In the MATTER OF: C. Susan GLICK, Respondent

### Supreme Court Case No. 44S00-1706-DI-355

Supreme Court of Indiana.

Filed July 13, 2017

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Condi-

tional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** Count 1. In February 2009 Respondent was retained to serve as the attorney for an estate. From 2010 through 2016, Respondent failed to keep the co-executors reasonably informed about the status of the case, despite several requests from one of the co-executors. Respondent failed to timely file the estate's income tax returns and inheritance tax returns. In November 2016, after administering the estate, Respondent closed the estate.

Count 2. Between 1991 and 2014, Respondent filed 21 separate estates in LaGrange Circuit Court that were not closed by October 24, 2016. Since that time, Respondent has closed 14 of those 21 estates. None of the personal representatives or beneficiaries of these old estates have complained of Respondent's handling of those cases.

The parties cite no facts in aggravation. In mitigation the parties cite Respondent's lack of prior discipline, her making of restitution, her cooperation with the disciplinary process, her remorse, and her recent progress in closing the majority of old estates.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failing to act with reasonable diligence and promptness.

1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failing to comply promptly with a client's reasonable requests for information.

3.2: Failing to expedite litigation consistent with the interests of a client.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law for a period of 30 days, beginning on the date of this order, all stayed subject to completion of at least two years of probation. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Within 90 days of the beginning of her probationary term, Respondent shall submit evidence to the Commission showing the progression of the seven remaining open estates referenced in Count 2;

(2) Respondent shall have all of the seven remaining open estates closed on the records of the LaGrange Circuit Court by the end of her probationary term; and

(3) If Respondent's probation is revoked, she will be required to actively serve the 30-day suspension without automatic reinstatement.

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(16).

The costs of this proceeding are assessed against Respondent.

All Justices concur.